896 F.Supp. 504 (1995)
Charles WESTBROOK, III
v.
Joseph WILSON, etc., et al.
Civ. No. S94-2692.
United States District Court, D. Maryland.
May 30, 1995.
Charles W. Westbrook, III, Baltimore, MD, pro se.
Amy K. Kline, Assistant Attorney General, Baltimore, MD, for defendant.

MEMORANDUM OPINION
SMALKIN, District Judge.
This addresses a summary judgment motion by defendant Wilson in a case contesting, as violative of the inmate plaintiff's constitutional rights, his placement on medical segregation, pursuant to regulation, for his failure to submit to a PPD test for tuberculosis, a disease whose communicability and potential for devastation in a closed population are well-known. The PPD test is a minimally invasive (tine or intradermal) procedure, which is read for reactivity to the TB bacterium, indicating infection. The Merck Manual, referred to by plaintiff in his opposition memorandum, calls the PPD test "an important adjunct to diagnosis" in a multi-test diagnostic regimen. The plaintiff seeks monetary, injunctive, and declaratory relief. No oral hearing is needed. Local Rule 105.6, D.Md.
The Court has examined the briefs, and it has determined that the only issues dispositive of the case turn on the constitutional validity of the regulation and practice of placing PPD refusal inmates on medical segregation. The policy is perfectly constitutional. The test is minimally invasive, and it is certainly reasonably related to the legitimate prison management goal of protecting other inmates and staff from the dread ravages of TB. The means used to enforce the requirement of taking the test are not constitutionally infirm. Certainly, placement in medical *505 segregation has some coercive effect, but this prison is the state's maximum security institution, where other punitive or coercive measures are highly unlikely to succeed with difficult inmates. Furthermore, human contacts are limited for prisoners on medical segregation, reducing the risk of communicating the disease. True, as the plaintiff suggests, the status involved does not rise to leper-colony isolation, but the Court questions whether institutional personnel would be justified under the constitution in imposing absolute quarantine on inmates for refusal to submit to PPD.
In short, the regulation in question passes muster under the well-known test of Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and it is a reasonable practice not to be second-guessed by this Court. Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).
Although not necessary to the disposition of the case, the Court notes that, in any event, the defendant is entitled to qualified immunity from money damage liability, because his conduct did not violate any established constitutional right of the plaintiff's of which he should have been aware.
For the reasons stated, an order will be entered separately, granting summary judgment for defendant Wilson and dismissing the complaint as against defendant Williams, who was never served, without prejudice.